## John B. Hoag

*v.*

## James C. Starr.

Foreclosure—*personal decree against mortgagor.* Where a person gives a mortgage to secure the payment of a third person's notes, which contains no covenant to pay the debt, it is erroneous to enter a personal decree against the mortgagor for the balance of the debt that may remain after the sale of the mortgaged premises on foreclosure.

Writ of Error to the Circuit Court of Mercer county; the Hon. Arthur A. Smith, Judge, presiding.

Messrs. Pepper & Wilson, and Mr. H. Bigelow, for the plaintiff in error.

Messrs. Bassett & Connell, for the defendant in error.

Mr. Justice Craig delivered the opinion of the Court:

This was a bill in chancery, filed in the circuit court of Mercer county, on the 17th day of June, 1869, by James C. Starr against John B. Hoag, to foreclose a mortgage.

It is charged in the bill that, on the 5th day of May, 1866, one Spencer Tompkins applied to the complainant, Starr, for a loan of $1200, and offered to secure the payment of the money loaned by a mortgage to be executed by John B. Hoag on certain lands in Mercer county; that Tompkins obtained the money and delivered complainant his three promissory

notes of $400 each, due in one, two and three years after date, and that Hoag executed a mortgage on certain lands to secure the payment of the notes. The notes and mortgage were filed with the bill as a part thereof.

The bill charges that the notes are due and unpaid, and prays a decree for a sale of the mortgaged lands, and such other and further relief as the nature of the case may require.

The defendant failed to answer the bill, and a default was taken as to him, and a decree *pro confesso* entered. The cause was referred to the master in chancery to take proof. He reported to the court that there was due from the defendant on the notes and mortgage, $1538.31.

The decree of the court shows the cause was heard on bill, exhibits and the master's report.

The decree directs a sale of the mortgaged lands, and provides that if the mortgaged premises shall not sell for a sufficient amount to satisfy the amount of the decree and the costs, the complainant shall have execution for the residue against the defendant's goods and chattels as in judgments at law, with costs.

The defendant brings the record to this court, and insists it was error for the circuit court to render a personal judgment against him.

This question involves a construction of the mortgage given by Hoag to the complainant. If the mortgage contains a covenant to pay the debt it was given to secure, then the judgment of the court was correct; if, however, the mortgage contains no covenant of that character, the judgment was unauthorized.

The mortgage bears date May 5th, 1866, given by John B. Hoag, party of the first part, to James C. Starr, party of the second part. The first part of the mortgage reads as follows : "Whereas, the party of the first part is justly indebted to the party of the second part in the sum of $1200, secured to be paid by three equal certain promissory notes, one note due in one year from date, one due two years from date, and one due

in three years from date; the said notes being made and exe-cuted by Spencer Tompkins in favor of the said James C. Starr, party of the second part. Now, therefore, this indent-ure witnesseth," etc.

The concluding part of the mortgage reads as follows: "Provided, always, and these presents are upon this express condition, that if the said party of the first part, his heirs, executors or administrators, shall well and truly pay or cause to be paid to the said party of the second part, his heirs or assigns, the aforesaid sum of money, with such interest thereon at the time and in the manner specified in the above men-tioned three promissory notes of $400 each, according to the true intent and meaning thereof, then these presents and everything herein expressed shall be absolutely null and void."

These are the only provisions of the mortgage that in any manner bear upon the liability of the defendant to pay the mortgage debt.

In the first clause referred to, it is stated that Hoag is in-debted to complainant, but this is qualified by the statement that follows, by which it is said that the indebtedness is on three promissory notes given by Tompkins to complainant, in other words, Hoag is not indebted to complainant, but Tomp-kins is, and the person liable for the debt is made absolutely certain by reference to the three notes. But even conceding that the language used was an admission of an indebtedness, still the mortgage contains no covenant to pay the indebted-ness, neither does the other clause of the mortgage referred to contain a covenant upon which an action at law could be maintained.

The only construction that can be placed upon the last part of the mortgage is this: If Hoag pays or causes to be paid the notes executed by Tompkins, then the mortgage shall be void, otherwise the mortgage shall remain in force and secu-rity for the payment of the notes. While this provision holds the lands in security for the payment of Tompkins'

notes until they are paid, it does not render Hoag personally liable in any manner whatever for the amount of the notes. By the mortgage, Starr held the lands therein described as security for the debt of Tompkins, but Hoag did not, by the terms of the mortgage, become personally liable for the debt.

The decree of the circuit court will be so modified that Hoag shall not be held personally responsible for any part of the mortgage debt. In all other respects the decree will be affirmed.

*Decree affirmed.*